IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Darius Jermol Simmons,  )
    Petitioner,  )
  )
v.  )  1:12cv46 (JCC/TCB)
  )
Harold Clarke,  )
    Respondent.  )

## MEMORANDUM OPINION

Darius Jermol Simmons, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of multiple felony offense entered on a guilty plea in the Suffolk Circuit Court. On March 30, 2012, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Simmons was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and he responded by filing motions for an evidentiary hearing the appointment of counsel. By Order dated April 25, 2012, both of petitioner's motions were denied, and he has filed nothing further in the action. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed.

### I. Background

On November 7, 2007, Simmons entered an Alford plea of guilty[1] to charges of robbery, malicious wounding, attempted murder, two counts of unlawful use of a firearm, and shooting

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

1

into an occupied building. In exchange, additional charges of abduction, attempted malicious wounding, use of a firearm in the commission of a felony, and shooting into an occupied building were *nolle prosequi*. Case Nos. CR07000-574 - 76, -737 - 38, -832. No agreement was made as to the sentence Simmons would receive. Tr. 11/5/07 at 24. On February 13, 2008, Simmons was sentenced to an aggregate of 53 years in prison with 31 years suspended, for a total active sentence of 22 years. Tr. 2/6/08 at 43.

Simmons took a direct appeal of three of the six cases for which he received a total of ten years of his active sentence: robbery, malicious wounding, and use of a firearm in the commission of a felony. Simmons argued that the active sentence imposed for those offenses was an abuse of the trial court's discretion. On August 21, 2008, Simmons' petition for appeal was denied, on the holding that because the sentences imposed were within the ranges prescribed by statute, the trial judge did not abuse his discretion. Simmons v. Comm., R. No. 0481-08-1 (Va. Ct. App. Aug. 21, 2008). Simmons sought further review of that decision by the Supreme Court of Virginia, but his petition was refused. Simmons v. Comm., R. No. 081839 (Va. Jan. !4, 2009).

On July 6, 2009, Simmons filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Among his claims was the argument that his attorney had erred by failing to include in the direct appeal the three additional cases for which Simmons had received his active sentence. By Order entered January 29, 2010, the Court granted Simmons relief on that claim and allowed him to pursue a belated appeal of his convictions of attempted murder, use of a firearm during the commission of a felony, and shooting into an occupied dwelling, which together resulted in twelve years of his active sentence. Simmons v. Warden, Greensville Corr. Ctr., R.

No. 091435 (Va. Jan. 29, 2010). As to those convictions, Simmons argued on the belated appeal that the trial court: (1) abused its discretion by imposing a sentence that exceeded the guidelines recommendation, (2) erred by failing to file a written explanation for its departure from the sentencing guidelines; and (3) committed plain error because petitioner was convicted by one judge and sentenced by another. Simmons' petition for appeal was denied on August 25, 2010. Simmons v. Comm., R. No. 0330-10-1 (Va. Ct. App. Aug. 25, 2010). The Supreme Court of Virginia again refused Simmons' petition for further review of that result. Simmons v. Comm., R. No. 101764 (Va. Feb. 24, 2011).

Simmons then returned to the Supreme Court of Virginia and filed a second petition for state habeas corpus relief, raising the following claims:

1. He received ineffective assistance of counsel because his attorney misadvised him to plead guilty, and as he did not understand the consequences of his plea he should not be held to the statements he made at the plea hearing.

2. His trial attorney did not object to improper evidence regarding a bullet recovered from the crime scene.

3. His counsel failed to conduct an appropriate investigation to determine if a defense could be developed and did not interview two witnesses who gave statements to the police consistent with that of Simmons which supported his defense.

4. He was prejudiced at sentencing because the prosecutor used his nickname, 'Bin Laden,' several times and falsely intimated that he was known to be involved in criminal activity.

5. His attorney failed to bring out factual inconsistencies between his inculpatory statements and the evidence, which prejudiced his case.

On September 30, 2011, the Supreme Court of Virginia dismissed Simmons' petition, finding that the claims raised were either without merit or procedurally barred. Simmons v. Warden, Sussex I State Prison, R. No. 110855 (Va. Sept. 30, 2011).

On December 9, 2011, Simmons timely filed the instant federal habeas petition,[2] along with a Memorandum of Law, alleging as he did in his first claim before the Supreme Court of Virginia that he was denied effective assistance of counsel because his attorney misadvised him to plead guilty by telling him that "no judge would give [him] 20 years because [he had] no record," and because he did not understand the consequences of his guilty plea he should not be held to the statements he made at the plea colloquy. Respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, along with the notice required by Roseboro, 528 F.2d at 309, and petitioner has opted to file no reply. Respondent acknowledges correctly that petitioner's claim has been exhausted in the state forum.[3] Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

---

[2] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Simmons certified that he placed his petition in the prison mail system on December 9, 2011. Pet. at 14.

[3] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In the sole claim he raises before this Court, Simmons argues that he received ineffective assistance of counsel in connection with his plea of guilty. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that

"counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on

ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

Simmons argues here that he received ineffective assistance of counsel when his attorney misadvised him to plead guilty and petitioner did not understand the consequences of that decision. When Simmons raised this same claim in his state habeas corpus proceeding, the Supreme Court of Virginia found it to be without merit for the following reasons:

> In claim (A), petitioner alleges he was denied the effective assistance of counsel because counsel misadvised him to plead guilty, petitioner did not understand the consequences of pleading guilty and he should not be held to the statements he made at the plea hearing.
>
> The Court rejects claim (A) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981).

Simmons, supra, R. No. 110855.

Review of the transcript of the plea colloquy reveals that Simmons acknowledged his understanding that the charges of attempted murder and attempted malicious wounding each carried a maximum punishment of ten years in prison, each of two separate charges of shooting into an occupied building were punishable by twenty years in prison, and the two felonies of use of a firearm each carried a mandatory prison term of five years. Tr. 11/5/07 at 13. Then, as the Supreme Court of Virginia court determined, Simmons acknowledged that he was satisfied with his counsel's representation:

> THE COURT: Have you had time to fully discuss all these matters with your attorney, Mr. Matthews?
>
> SIMMONS: Yes, I have, sir.
>
> THE COURT: Have you told him everything you need to tell him?
>
> SIMMONS: Yes, sir.
>
> THE COURT: Have you discussed any defenses you might have to the charges?
>
> SIMMONS: Yes, sir.
>
> THE COURT: Have you discussed whether you should plead guilty or not guilty?

SIMMONS: Yes, sir.

THE COURT: Based on your discussions did you decide for yourself to plead guilty to five offenses in accordance with your plea agreement?

SIMMONS: Yes, sir.

\* \* \*

THE COURT: Has anyone promised you any specific sentence in this case?

SIMMONS: No, sir.

\* \* \*

THE COURT: Are you entirely satisfied with Mr. Matthews' services as your attorney?

SIMMONS: Yes, sir.

Tr. 11/5/07 at 13 - 14, 24.

As to Simmons' allegation that counsel misadvised him to plead guilty by telling him that "no judge would give [him] 20 years because [he had] no record," counsel Mr. Matthews submitted an affidavit in the habeas proceeding before the Supreme Court of Virginia in which he stated:

> 1. Simmons was charged with twelve serious crimes that occurred in separate incidents on two different dates. I strongly suggested Simmons plead guilty because the sentencing guidelines would be more beneficial to him and three of the firearm charges, which carried a total penalty of 15 mandatory years in prison, would be dismissed. In the Clarence Newton case, there were two co-defendants, who had pled guilty, and I expected they would testify against Simmons. However, I did not tell Simmons to plead guilty.
>
> 2. Simmons knew the judge did not have to follow the sentencing guidelines, but I did tell Simmons I did not believe he would be

>sentenced to twenty years for the crimes, which was over the high end of the guidelines.

Under these circumstances, the Supreme Court of Virginia's conclusion that counsel did not provide constitutionally deficient representation in connection with Simmons' guilty plea was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Simmons has offered no clear and convincing evidence which would call into question his sworn declarations at the plea colloquy that his plea was voluntary and he was satisfied with his lawyer's efforts. Cf. Beck, 261 F.3d at 396; see also, Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir.) (where defendant pleads guilty, court will presume his statements under oath are true, and "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."), cert. denied, 506 U.S. 885 (1992). Moreover, the voluntary and intelligent nature of Simmons' plea is evidenced by the fact that the agreement was favorable to him, even though the sentence imposed exceeded the guidelines recommendation. Had Simmons elected to go to trial and been found guilty of all twelve charges he faced, the maximum punishment could have been two life sentences plus 103 years in prison. By accepting the plea agreement, Simmons benefitted both by having six of the charges *nolle prosequi*, including three that carried mandatory prison terms, and by reducing the sentencing guidelines to one sentencing event rather than two. For these reasons, Simmons fails to demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Hill, 474 U.S. at 59, so federal habeas corpus relief is not warranted on his claim of ineffective

assistance in connection with his plea.[4]

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 15th day of May 2012.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

---

[4] To the extent that petitioner incorporates a prayer for an evidentiary hearing in his Memorandum of Law, his request is without merit for the same reasons expressed in the Order denying his Motion for Evidentiary Hearing (Docket # 13).

11